(May 23, 1974)

WEST CORNERS PLAZA, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 53379.)— Appeal from a judgment in favor of claimant, entered January 5, 1973, upon a decision of the Court of Claims. This appeal involves the partial appropriation, pursuant to section 30 of the Highway Law, of claimant's property located at the northwest corner of the intersection of Route 26 and Day Hollow Road in the Town of Union, Broome County. At the time of the appropriation there were two buildings on the

land, the larger housing a shopping center and the smaller a barber shop and restaurant. The entire parcel consisted of approximately 2.56 acres of level, irregularly-shaped land, and the principal taking was a strip of land in fee amounting to 0.228 acre immediately adjacent to Route 26. Three much smaller areas were acquired by the State as permanent easements for drainage purposes, and a temporary easement was also taken to facilitate working on the subject property. In its decision the trial court agreed with both parties in finding that the highest and best use of the property as a shopping center was unchanged by the appropriation. Placing a before value on the property of $489,000 and an after value of $426,000, it awarded judgment to claimant in the sum of $63,000. Of this amount, $35,500 was given for direct damages, $26,900 for consequential damages, and $600 for the rental of the temporary easement. We find, upon an examination of the record, that the court's award for direct damages is unwarranted. Claimant's expert calculated these damages at $8,284, while the comparable figure from the State's appraiser was $11,700. In marked contrast, the court determined these damages, as noted above, to be $35,500, and such a determination, being without the range of expert testimony and not otherwise explained, may not be sustained (*Milsap* v. *State of New York*, 32 A D 2d 586). Furthermore, it was additional error for the court in its assessment of damages to disregard the razing of the smaller building on the parcel, which was made necessary, as a result of the appropriation, to provide adequate parking and access for the remaining shopping center. While it is true that the demolition had already been scheduled prior to the appropriation and was to take place at the direction of the Zoning Board of Appeals of the Town of Union upon the expiration of the present lease, nonetheless, it was incumbent upon the court to give some effect to the present occupancy of the building and to the possible postponement of its scheduled demolition (cf *Gottfried* v. *State of New York*, 14 A D 2d 612, affd. 11 N Y 2d 1084). We decide no other issue. Judgment reversed, on the law and the facts, and a new trial ordered, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Main and Reynolds, JJ., concur.